1

2

3

4

5

**UNITED STATES DISTRICT COURT**

6

**EASTERN DISTRICT OF WASHINGTON**

7

Case No. 14-CV-00214 (VEB)

8

JAN HAZEN,

9

Plaintiff,    DECISION AND ORDER

10

vs.

11

CAROLYN W. COLVIN, Acting

12

Commissioner of Social Security,

13

Defendant.

14

**I. INTRODUCTION**

15

In April of 2010, Plaintiff Jan Hazen applied for Supplemental Security

16

Income ("SSI") benefits under the Social Security Act. The Commissioner of Social

17

Security denied the application.

18

19

20

Plaintiff, represented by Cory J. Brandt, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

On January 5, 2015, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 16).

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff applied for SSI benefits on April 5, 2010. (T at 77-89).[1]   The application was denied initially and on reconsideration and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On July 19, 2012, a hearing was held before ALJ Marie Palachuk. (T at 664).   Plaintiff appeared with her attorney and testified. (T at 675-85).   The ALJ also received testimony from K. Diane Kramer, a vocational expert (T at 685-89), and Dr. Kent Layton, a psychological expert. (T at 669-74).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 18.

DECISION AND ORDER – HAZEN v COLVIN 14-CV-00214-VEB

1    On August 31, 2012, the ALJ issued a written decision denying the
2    application for benefits and finding that Plaintiff was not entitled to benefits under
3    the Social Security Act.    (T at 15-32).    The ALJ's decision became the
4    Commissioner's final decision on May 15, 2014, when the Social Security Appeals
5    Council denied Plaintiff's request for review.  (T at 7-9).

6    On June 26, 2014, Plaintiff, acting by and through her counsel, timely
7    commenced this action by filing a Complaint in the United States District Court for
8    the Eastern District of Washington. (Docket No. 4). The Commissioner interposed
9    an Answer on September 2, 2014. (Docket No. 10).

10    Plaintiff filed a motion for summary judgment on November 17, 2014.
11    (Docket No. 14).  The Commissioner moved for summary judgment on December
12    23, 2014. (Docket No. 15).  Plaintiff filed a reply brief on January 12, 2015. (Docket
13    No. 17).

14    For the reasons set forth below, the Commissioner's motion is denied,
15    Plaintiff's motion is granted, and this case is remanded for calculation of benefits.

DECISION AND ORDER – HAZEN v COLVIN 14-CV-00214-VEB

# III. DISCUSSION

## A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

1  404.1520(a)(4)(ii), 416.920(a)(4)(ii).

2       If plaintiff does not have a severe impairment or combination of impairments,

3  the disability claim is denied. If the impairment is severe, the evaluation proceeds to

4  the third step, which compares plaintiff's impairment with a number of listed

5  impairments acknowledged by the Commissioner to be so severe as to preclude

6  substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20

7  C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

8  impairments, plaintiff is conclusively presumed to be disabled. If the impairment is

9  not one conclusively presumed to be disabling, the evaluation proceeds to the fourth

10 step, which determines whether the impairment prevents plaintiff from performing

11 work which was performed in the past. If a plaintiff is able to perform previous work

12 that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv),

13 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is

14 considered. If plaintiff cannot perform past relevant work, the fifth and final step in

15 the process determines whether plaintiff is able to perform other work in the national

16 economy in view of plaintiff's residual functional capacity, age, education and past

17 work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v.*

18 *Yuckert*, 482 U.S. 137 (1987).

19      The initial burden of proof rests upon plaintiff to establish a *prima facie* case

20

DECISION AND ORDER – HAZEN v COLVIN 14-CV-00214-VEB

of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9ᵗʰ Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9ᵗʰ Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2)  a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9ᵗʰ Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9ᵗʰ Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9ᵗʰ Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9ᵗʰ Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9ᵗʰ Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9ᵗʰ Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as

DECISION AND ORDER – HAZEN v COLVIN 14-CV-00214-VEB

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – HAZEN v COLVIN 14-CV-00214-VEB

**C.    Commissioner's Decision**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since April 5, 2010 (the application date). (T at 17). The ALJ determined that Plaintiff's depressive disorder, borderline intellectual functioning, histrionic personality disorder, and possible attention deficit hyperactivity disorder were "severe" impairments under the Act. (Tr. 17).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 17-19).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, as defined in 20 CFR § 416.967 (c).  The ALJ concluded that Plaintiff could understand, remember, and carry out simple, routine, and repetitive tasks and maintain attention and concentration for simple, routine, and repetitive tasks for 2-hour intervals between regularly scheduled breaks (with two reminders during an 8-hour workday).  The ALJ found that Plaintiff could have no interaction with the general public, and only brief and superficial interaction with coworkers.  Per the ALJ, Plaintiff would need to work with things (rather than people) and would need to work in an essentially isolated setting with only occasional supervisory contact. (T at 19-30).

DECISION AND ORDER – HAZEN v COLVIN 14-CV-00214-VEB

The ALJ found that Plaintiff had no past relevant work. (T at 30). Considering Plaintiff's age (24 years old on the application date), education (limited), work history (no past relevant work), the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 30-31).

As such, the ALJ concluded that Plaintiff was not disabled, as defined under the Social Security Act, between April 5, 2010 (the application date) and August 31, 2012 (the date of the decision) and was therefore not entitled to benefits. (Tr. 31-32). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 7-9).

**D.    Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed.  She offers two (2) principal arguments in support of this position.   First, Plaintiff contends that the ALJ improperly rejected the opinions of treating and examining medical providers.   Second, Plaintiff challenges the ALJ's step five analysis. This Court will examine both arguments in turn.

DECISION AND ORDER – HAZEN v COLVIN 14-CV-00214-VEB

# IV. ANALYSIS

## A.    Treating & Examining Providers

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Dr. Ronald Page, an examining physician, completed a psychological evaluation of Plaintiff in June of 2009.  Dr. Page described Plaintiff's manner of relating to him as "markedly histrionic, implausible, hyperbolic, and often grandiose . . . ." (T at 468).  He opined that Plaintiff's self-descriptions seemed motivated by secondary gain and were generally incredible. (T at 469).  Dr. Page nevertheless assigned a Global Assessment of Functioning ("GAF")[2] score of 50 (T at 530),

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – HAZEN v COLVIN 14-CV-00214-VEB

which is indicative of serious impairment in social, occupational or school functioning. *Onorato v. Astrue,* No. CV-11-0197, 2012 U.S. Dist. LEXIS 174777, at *11 n.3 (E.D.Wa. Dec. 7, 2012). Dr. Page believed Plaintiff was malingering and exaggerating her symptoms to avoid work. (T at 472). He did, however, describe Plaintiff's personality disorder as "fairly extreme" and suggested it might "warrant consideration" for Social Security disability benefits. (T at 472).

Dr. Page completed another evaluation in April of 2010. He assigned a GAF of 45 (T at 467), which is indicative of serious impairment. Dr. Page again believed Plaintiff was malingering, although he opined that she was, in fact, suffering from a "fairly severe and debilitating character disorder . . . ." (T at 467). Dr. Page did not believe Plaintiff would qualify for Social Security disability benefits. (T at 467).

In March of 2011, Dr. Suwitda Cholitkul completed a functional assessment of Plaintiff. Dr. Cholitkul opined that Plaintiff's condition was stable and reported that she could stand/sit for less than 2 hours in an 8-hour workday and lift less than 10 pounds occasionally. (T at 521).

In April of 2011, Dr. Stephen Rubin, an examining provider, completed a psychological assessment of Plaintiff. Dr. Rubin opined that Plaintiff had a marked limitation with regard to her ability to learn new tasks, exercise judgment and make decisions, relate appropriately to co-workers and supervisors, interact appropriately

in public contacts, respond appropriately to and tolerate the pressures and expectations of a normal work setting, and maintain appropriate behavior in a work setting. (T at 526). Dr. Rubin described Plaintiff as "[c]hronically mental[ly] ill." (T at 527). He assigned a GAF score of 50 (T at 530). Dr. Rubin described Plaintiff's efforts to "maintain" herself and avoid "trouble" as a "fulltime occupation." (T at 530). He opined that her physical and interpersonal problems would "probably" prevent her from maintaining full-time employment.(T at 530).

In June of 2012, Dr. David Varnell, a treating physician, completed a medical source statement. Dr. Varnell opined that Plaintiff was "not likely to be able to hold down a job without significant aid and supervision by others." (T at 662). He assessed marked limitations with regard to Plaintiff's ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (T at 660). Dr. Varnell also opined that Plaintiff had marked limitations with respect to sustaining an ordinary routine without special supervision, working in coordination or proximity to others without being distracted by them, and completing a normal workday and workweek without an unreasonable number of interruptions from psychologically based symptoms. (T at 660-61). He concluded that Plaintiff was likewise markedly limited as to her abilities to maintain socially

DECISION AND ORDER – HAZEN v COLVIN 14-CV-00214-VEB

appropriate behavior, respond appropriately to changes in the work setting, and set realistic goals or make plans independently of others. (T at 661-62).

The ALJ gave some weight to Dr. Page's June 2009 report, but discounted his April 2010 assessment. (T at 26-27).  The ALJ afforded little weight to the opinions provided by Dr. Rubin, Dr. Varnell, and Dr. Cholitkul. (T at 27-29).

Fundamentally, the record presents competing conclusions as to whether Plaintiff is malingering.  In other words, the record contains assessments of severe mental health impairments, along with suggestions that Plaintiff is exaggerating her symptoms for secondary gain.  The ALJ resolved that conflict by crediting the suggestions that Plaintiff was exaggerating her mental health issues and finding that her mental health issues, while limiting, did not render her disabled within the meaning of the Social Security Act.

This Court is mindful that it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.  However, the evidence that Plaintiff's impairments did not preclude employment came largely from non-examining providers and was generally contradicted by the treating and examining providers.

Dr. Varnell (a treating provider) and Dr. Rubin (an examining provider) conducted detailed mental status examinations and concluded that Plaintiff's mental

DECISION AND ORDER – HAZEN v COLVIN 14-CV-00214-VEB

health issues would preclude even basic work activities.  (T at 526, 660-62).  Dr. Varnell, in particular, was in the best position to evaluate Plaintiff's impairments as her treating provider.  The ALJ discounted Dr. Varnell's opinion and describing his mental status examinations as "cursory." (T at 28).    However, Dr. Varnell's examinations were, in fact, quite detailed and his contemporaneous treatment notes documented consistent, severe symptomology. (T at 535, 539, 541).  The ALJ also concluded that Dr. Varnell's opinion "contrast[ed] sharly with the other evidence of record . . . ." (T at 28).  This finding simply cannot be sustained.  Although the treating provider's opinion is inconsistent with the non-examining consultants' conclusions, it is quite consistent with the findings of Dr. Rubin and Dr. Page, both of whom assessed fairly extreme mental health impairments.

Although Dr. Page opined that Plaintiff was malingering, his assessments are hardly models of clarity.  Moreover, Dr. Page's assessments, considered in context, generally support a conclusion that Plaintiff has disabling impairments.    For example, in his June 2009 report (which the ALJ afforded some weight), Dr. Page opined that Plaintiff was malingering and exaggerating her symptoms to avoid work, but described her personality disorder as "fairly extreme" and suggested it might "warrant consideration" for Social Security disability benefits. (T at 472).  In his August 2010 assessment, Dr. Page again opined Plaintiff was malingering, although

DECISION AND ORDER – HAZEN v COLVIN 14-CV-00214-VEB

he nevertheless believed she was suffering from a "fairly severe and debilitating character disorder . . . ." (T at 467).

The ALJ relied on the opinions of Dr. Layton, the medical expert who testified at the administrative hearing, and the assessments of Drs. Kester and Gentile, non-examining State Agency review consultants.  Dr. Layton assessed limitations consistent with the ALJ's RFC determination. (T at 673-74).  Dr. Kester opined that Plaintiff could understand and follow simple directions, maintain concentration and pace for routine tasks, work with others on a superficial basis, and set goals and adapt to change. (T at 517).  This assessment was affirmed by Dr. Gentile. (T at 531).  However, the opinion of a non-examining physician does not, without more, justify the rejection of an examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990)). The rejection of an examining physician opinion based on the testimony of a non-examining medical consultant may be proper, but only where there are sufficient reasons to reject the examining physician opinion independent of the non-examining physician's opinion. *See e.g., Lester*, 81 F.3d at 831; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995).   Here, there were insufficient reasons to reject the examining and treating provider opinions independent of the non-

DECISION AND ORDER – HAZEN v COLVIN 14-CV-00214-VEB

examining physicians' opinions.  In fact, the evidence from all of the treating and examining providers supported a finding that Plaintiff was disabled.

Accordingly, this Court finds that the ALJ's consideration of the medical provider opinions was flawed and cannot be sustained.

**B.    Step Five**

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995).

The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1279 (9th Cir.1987).  "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a

1    residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d

2    1450, 1456 (9th Cir. 1984).

3    Here, the ALJ's step five analysis was based on the testimony of K. Diane

4    Kramer, a vocational expert ("VE").  The ALJ asked the VE to assume a claimant

5    who retained the ability to perform simple, routine, repetitive tasks with two daily

6    reminders, no public interaction, and only brief superficial interaction with co-

7    workers. (T at 687).  The VE identified three jobs (laundry worker II, dishwasher,

8    janitor) that a claimant with those limitations could perform. (T at 688).

9    Relying on Dr. Varnell's opinion, Plaintiff's counsel asked the VE to assume

10    a claimant who had a marked limitation with regard to performing activities within a

11    schedule, maintaining regular attendance, and sustaining an ordinary routine without

12    special supervision. (T at 689).  The VE testified that there were no jobs that exist in

13    significant numbers in the national economy that such a claimant could perform. (T

14    at 689).

15    Because the ALJ's hypothetical did not incorporate all of Plaintiff's

16    limitations, her reliance on the VE's testimony was misplaced and the step five

17    analysis cannot be sustained.  In other words, the ALJ's failure to properly consider

18    the examining and treating provider opinions impacted the hypothetical presented to

19    the VE and undermined the step five analysis.

20

DECISION AND ORDER – HAZEN v COLVIN 14-CV-00214-VEB

C. **Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. A remand for calculation of benefits is warranted where "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

Here, as set forth above, this Court finds that the ALJ did not provide legally sufficient reasons for rejecting the evidence from Plaintiff's treating and examining providers concerning the severity of her mental health impairments.  In turn, this error undermined the ALJ's RFC determination and step five analysis.  There are no outstanding issues that must be resolved before a determination of disability can be made.  It is clear from the record that the ALJ would be required to find Plaintiff disabled if the evidence had been properly analyzed and credited.  Although the non-examining consultants opined that Plaintiff was not disabled, these opinions cannot, without more, constitute substantial evidence sufficient to sustain the ALJ's

decision. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990)).  Dr. Varnell (the treating provider) and Dr. Rubin (an examining provider) both assessed marked limitations and an inability to sustain basic work activities.  Dr. Page, while of the opinion that Plaintiff was exaggerating, nevertheless assessed a "fairly extreme" disorder and assigned GAFs indicative of serious impairment in functioning.  Accordingly, this Court finds that remand for calculation of benefits is the appropriate remedy.

## IV. ORDERS

IT IS THEREFORE ORDERED that:

Plaintiff's motion for summary judgment, Docket No.  14, is GRANTED.

The Commissioner's motion for summary judgment, Docket No. 15, is DENIED.

This case is REMANDED for calculation of benefits.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of Plaintiff, and close this case.

DATED this 14th day of March, 2015.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – HAZEN v COLVIN 14-CV-00214-VEB