# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAN HAZEN,<br><br>                    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. 2:14-CV-00214-VEB<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In April of 2010, Plaintiff Jan Hazen applied for Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, represented by Cory J. Brandt, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§

405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

On January 5, 2015, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 16).

On March 16, 2015, this Court entered a Decision and Order granting Plaintiff summary judgment and remanding this case for calculation of benefits.  (Docket No. 19).  The Clerk entered Judgment in favor of Plaintiff on that same date. (Docket No. 20).  On March 19, 2015, the Commissioner moved to alter or amend the Judgment pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure. (Docket No. 21).  Plaintiff opposed the motion on April 2, 2015. (Docket No. 22).

Familiarity with this Court's prior Decision and Order is presumed.  For the following reasons, the Commissioner's motion is denied.

## II. DISCUSSION

**A.     Rule 59 (e) Standard**

A court may alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that

2

DECISION AND ORDER – HAZEN v COLVIN 14-CV-00214-VEB

was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  However, a motion for reconsideration is not appropriately brought to present arguments already considered by the court. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985).

In this case, the Commissioner does not argue that there is newly discovered evidence or that controlling law has changed.  Rather, the Commissioner contends that this Court committed clear error by remanding for calculation of benefits, as opposed to remanding for further proceedings.

**B**.    **Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. A remand for calculation of benefits is warranted where "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

**C.     Analysis**

As noted in the prior Decision and Order, the record contains numerous assessments of severe mental health impairments, along with suggestions by examining and non-examining providers that Plaintiff is exaggerating her symptoms for secondary gain.  The ALJ credited the suggestions that Plaintiff was exaggerating her mental health issues and found that her mental health issues, while limiting, did not render her disabled within the meaning of the Social Security Act.

In its decision, the Court recognized that it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.  However, as discussed in the Decision and Order, the evidence that Plaintiff's impairments did not preclude employment came largely from non-examining providers and was generally contradicted by the treating and examining providers.  Moreover, the reasons provided by the ALJ for accepting the non-examining providers' opinions and discounting the treating/examining providers' assessments were legally insufficient.

Dr. David Varnell (a treating provider) and Dr. Stephen Rubin (an examining provider) conducted detailed mental status examinations and concluded that Plaintiff's mental health issues would preclude even basic work activities.  (T at 526, 660-62).  Dr. Varnell, in particular, was in the best position to evaluate Plaintiff's

impairments as her treating provider.  The ALJ discounted Dr. Varnell's opinion and described his mental status examinations as "cursory." (T at 28).  However, this conclusion could not be sustained.  Dr. Varnell's examinations were quite detailed and his contemporaneous treatment notes documented consistent, severe symptomology. (T at 535, 539, 541).

The ALJ also concluded that Dr. Varnell's opinion "contrast[ed] sharly with the other evidence of record . . . ." (T at 28).  This finding likewise could not be sustained.  Dr. Varnell's opinion is quite consistent with the findings of Dr. Rubin and Dr. Ronald Page (another examining physican), both of whom assessed fairly extreme mental health impairments.  Dr. Rubin opined that Plaintiff had a marked limitation with regard to her ability to learn new tasks, exercise judgment and make decisions, relate appropriately to co-workers and supervisors, interact appropriately in public contacts, respond appropriately to and tolerate the pressures and expectations of a normal work setting, and maintain appropriate behavior in a work setting. (T at 526).  He opined that Plaintiff's physical and interpersonal problems would "probably" prevent her from maintaining full-time employment. (T at 530).  Although Dr. Page opined that Plaintiff was malingering, his assessment, considered in context, generally support a conclusion that Plaintiff has disabling impairments.  For example, in his June 2009 report (which the ALJ afforded some weight), Dr.

Page described her personality disorder as "fairly extreme" and suggested it might "warrant consideration" for Social Security disability benefits. (T at 472). In his August 2010 assessment, Dr. Page opined Plaintiff was malingering and indicated that she would likely not qualify for disability benefits, although he nevertheless believed she was suffering from a "fairly severe and debilitating character disorder . . . ." (T at 467).

In contrast, the ALJ relied heavily on the opinions of Dr. Layton, the medical expert who testified at the administrative hearing, and the assessments of Drs. Kester and Gentile, non-examining State Agency review consultants. However, the opinion of a non-examining physician does not, without more, justify the rejection of an examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990)).

The Commissioner suggests that this Court should have remanded the matter to the ALJ for reconsideration of the evidence. For example, the Commissioner notes that this Court found Dr. Page's assessments to be lacking in clarity and contends that the ALJ should have been afforded an opportunity to resolve the ambiguity. However, the Commissioner misapprehends this Court's findings. As noted above, although Dr. Page offered observations concerning malingering and opinions concerning Plaintiff's eligibility for benefits, his assessments generally

support a conclusion that Plaintiff has severe mental health issues.  Moreover, when considered alongside the opinions of Dr. Varnell and Dr. Rubin (both treating providers), Dr. Page's assessments form part of an evidentiary record that leaves no basis to doubt that Plaintiff is disabled under the Act.

The Commissioner suggests that a remand for further proceedings is the appropriate remedy, but it is clear that such a remand would serve no useful purpose. The record is fully developed.  The ALJ did not provide legally sufficient reasons for rejecting the evidence from Plaintiff's treating and examining providers concerning the severity of her mental health impairments.  Although the non-examining consultants opined that Plaintiff was not disabled, these opinions cannot, without more, constitute substantial evidence sufficient to sustain the ALJ's decision. Dr. Varnell (the treating provider) and Dr. Rubin (an examining provider) both assessed marked limitations and an inability to sustain basic work activities.

Under these circumstances"[a]llowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. Cal. 2004).  Moreover, "[r]emanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to 'tremendous financial difficulties while awaiting

the outcome of their appeals and proceedings on remand.'" *Id.* (quoting *Varney v. Sec'y of Health & Human Srvc.*, 859 F.2d 1396, 1398 (9th Cir. 1987)).

This Court finds no clear error in its Decision and Order.

## IV. ORDERS

IT IS THEREFORE ORDERED that:

The Commissioner's motion to alter or amend judgment, Docket No. 21 is DENIED.

The District Court Executive is directed to file this Order and provide copies to counsel.

DATED this 21st day of April, 2015.

>    /s/Victor E. Bianchini
>    VICTOR E. BIANCHINI
>    UNITED STATES MAGISTRATE JUDGE